**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4325**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PIOQUINTO PENALOZA-BANOS, a/k/a Jose Luis
Banos Aydaya, a/k/a Jose Luis Banos, a/k/a
Daniel Banos Andaya, a/k/a Pioquinto Banos,
a/k/a Michael Burciaga, a/k/a Pioquinto
Banos-Andalla,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:06-cr-00434-WLO-2)

Submitted:  November 15, 2007      Decided:  November 20, 2007

Before WILLIAMS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William J. Thomas, II, THOMAS, FERGUSON & MULLINS, LLP, Durham,
North Carolina, for Appellant.  Sandra Jane Hairston, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pioquinto Penaloza-Banos appeals his convictions and the 180-month sentence imposed after he pleaded guilty to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). On appeal, counsel filed an <u>Anders</u>[*] brief, in which he states there are no meritorious issues for appeal, but questions whether Penaloza-Banos's guilty plea was knowing and voluntary, whether the district court complied with Fed. R. Crim. P. 11 in accepting the guilty plea, and whether the sentence was reasonable. In a pro se supplemental brief, Penaloza-Banos asserts that counsel provided ineffective assistance. We affirm.

Penaloza-Banos did not move in the district court to withdraw his guilty plea; therefore this court reviews his challenge to the adequacy of the Rule 11 hearing for plain error. <u>See</u> <u>United States v. Martinez</u>, 277 F.3d 517, 525 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The court must also determine whether there is

---

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Counsel does not specify any deficiencies in the district court's Rule 11 inquiry, and our review of the plea hearing transcript reveals that the court conducted a thorough Rule 11 colloquy that assured Penaloza-Banos' plea was made both knowingly and voluntarily.

We review a district court's sentence for reasonableness. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). In this case, the drug conspiracy count carried a statutory mandatory minimum sentence of ten years of imprisonment; the firearm count carried a minimum five year term of imprisonment that must be imposed consecutively to any other term of imprisonment. See 21 U.S.C. § 841(b)(1)(A) (2000), 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(D)(ii) (2000). Penaloza-Banos was sentenced to the statutory minimums applicable to the charges to which he pleaded guilty, and we conclude that his sentence is reasonable. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) ("Except upon motion of the Government on the basis of substantial assistance, a district court may not depart below a statutory minimum.")

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a 28

U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Our review of the record does not conclusively show that counsel was ineffective. We therefore decline to consider Penaloza-Banos' allegations of ineffective assistance of counsel, as he may raise them in a § 2255 motion.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Penaloza-Banos's convictions and sentence. We deny Penaloza-Banos' "Motion for Relief Pursuant to FRAP Rule 27." This court requires that counsel inform Penaloza-Banos, in writing, of the right to petition the Supreme Court of the United States for further review. If Penaloza-Banos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Penaloza-Banos.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -